**Silverio BARELA, Claimant–Appellant,**

v.

**Eric K. SHINSEKI, Secretary of Veterans Affairs, Respondent–Appellee.**

No. 2011–7022.

United States Court of Appeals, Federal Circuit.

Feb. 14, 2012.

## ORDER

The appellant seeks review of a decision of the Court of Appeals for Veterans Claims (the "Veterans Court") denying service connection for post-traumatic stress disorder. The appellant contends that his condition resulted from a sexual assault by another serviceman while he was in the U.S. Air Force in 1956. The Board of Veterans' Appeals reviewed the evidence regarding the alleged stressor event and the appellant's medical history. On the basis of that evidence, it concluded that although the appellant was diagnosed with post-traumatic stress disorder, there was insufficient evidence to establish that his post-traumatic stress disorder was caused by a stressor that occurred while he was serving in the Air Force. The Veterans Court affirmed.

In this court, the appellant contends that the Veterans Court misinterpreted a Department of Veterans Affairs ("DVA") regulation pertaining to the consideration of lay witness evidence of in-service assaults; that the court misinterpreted the statute requiring the DVA to provide an adequate statement of the reasons for its decision; and that the court misinterpreted the DVA's statutory and regulatory duty to give the benefit of the doubt to the claimant when there is an approximate balance of positive and negative evidence on any issue relating to the claim. The Veterans Court, however, did not interpret any of the regulations or statutes invoked by the appellant. Instead, it held that the Board of Veterans' Appeals had analyzed the evidence offered by the appellant and found it unpersuasive, including lay evidence that the Board found to be of questionable credibility; that the Board had not applied the "benefit of the doubt" statute because it did not find the evidence to be in approximate equipoise; and that the Board had adequately stated the reasons for its decision. None of those fact-based decisions is within this court's limited jurisdiction to review decisions of the Veterans Court under 38 U.S.C. § 7292.

Accordingly,

IT IS ORDERED THAT:

The appeal is dismissed.